CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 27 2014

JULIA C. ___EY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 7:05CR00078 |
| | ) | (CASE NO. 7:14CV80695) |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| SHERWOOD FARROW, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Sherwood Farrow, a federal inmate proceeding pro se, filed this motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255, challenging the 2006 judgment of this court under which he is imprisoned. Upon consideration of the § 2255 motion and the record, the court concludes that the action must be summarily dismissed as untimely filed.[1]

## I

Farrow faced an indictment charging him with multiple drug trafficking and firearm offenses. He pleaded guilty, pursuant to a written plea agreement, to charges of conspiracy to distribute 50 grams or more of cocaine base (Count One) and possession of a firearm as a convicted felon (Count Two). Under his plea agreement, Farrow stipulated that he was properly held accountable for more than 50 grams, but less than 150 grams, of cocaine base and that, under the U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1, he might qualify as a career offender based on two prior convictions for violent felonies. At sentencing, the court found that Farrow did qualify as a career offender, sentenced him at the low end of the guideline range to concurrent terms of 262 months in prison, and entered judgment on May 23, 2006.

---

[1] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

On appeal, Farrow argued that the plea colloquy was insufficient and that the sentence was unreasonable, but the United States Court of Appeals for the Fourth Circuit affirmed the judgment on December 29, 2006 (No. 06-4615). Farrow did not file a petition for a writ of certiorari in the United States Supreme Court.

Farrow signed and dated his § 2255 motion on January 6, 2014. He asserts that counsel was ineffective at sentencing and on appeal for failing to argue that (a) one of Farrow's two prior felony convictions was too old to count toward his criminal history points and (b) he did not qualify as a career offender under USSG § 4B1.1, because his prior sentences were imposed to run consecutively to each other. The court filed the § 2255 motion conditionally, notified Farrow that it appeared to be untimely under § 2255(f), and granted him an opportunity to submit any additional evidence and/or argument on the issue of timeliness. The court specifically advised the defendant that failure to provide such information would result in dismissal of the action as untimely. Farrow has responded with additional argument on the issue of timeliness, which the court has considered.

## II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1)  the date on which the judgment of conviction becomes final;

> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). If the district court gives the defendant notice that the motion appears to be untimely and allows him an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

As stated, the Fourth Circuit affirmed the judgment in Farrow's case on December 29, 2006. Under § 2255(f)(1), that judgment became final on March 29, 2007, when the time for him to submit a petition for certiorari expired. United States v. Clay, 537 U.S. 522, 525 (2003) (applying Sup. Ct. R. 13(1), which requires petition for writ of certiorari to be filed within 90 days after appellate court judgment). Farrow then had one year – until March 31, 2008 – in which to file a timely § 2255 motion. As he filed his § 2255 motion, at the earliest, on January 6, 2014, his motion is untimely under § 2255(f)(1).

Farrow argues that his § 2255 challenge to the validity of his sentence is timely because he filed it within one year of the Supreme Court's decision in McQuiggin v. Perkins, __ U.S.__, 133 S. Ct. 1924 (2013). He is mistaken. In McQuiggin, the Supreme Court held that a "convincing showing" of actual innocence can provide a "gateway" to federal habeas review of claims filed outside the one-year statute of limitations. The McQuiggin decision did not, however, recognize any new right on which Farrow is entitled to § 2255 relief so as to allow calculation of his statutory filing period under § 2255(f)(3). McQuiggin expressly refused to recognize "a freestanding actual innocence claim" as an independent ground for habeas relief. Id. at 1931 (citations omitted). Farrow also fails to demonstrate that his § 2255 claims are timely under § 2255(f)(2), based on removal of a constitutional impediment to filing, or under

§ 2255(f)(4), based on new facts. Accordingly, the court concludes that Farrow's § 2255 motion is untimely filed under all subsections of § 2255(f).

An otherwise time-barred defendant can be entitled to equitable tolling in "those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002). Defendant must show that: (1) he pursued his rights diligently, and (2) some extraordinary circumstances precluded a timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010). The facts and arguments Farrow raises concerning use of his prior convictions existed at the time of trial, and he fails to show any reason that he failed to discover and assert them in a timely § 2255 motion.

Rather, Farrow asserts that under McQuiggin, he is entitled to equitable tolling of the federal filing deadline, because he is actually innocent of the sentence the court imposed on him. This tolling argument has no merit. In McQuiggin, the Court cautioned that

> tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."

133 S. Ct. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). Farrow does not challenge the validity of his guilty plea or make any showing of new evidence on which jurors would likely find him not guilty of his federal offenses. Nor does he argue that he is factually innocent of either of the two predicate violent felony convictions that supported the court's finding that he qualified as a career offender. Farrow merely asserts that his prior felony convictions did not, as a legal matter, justify consideration of those convictions in assigning criminal history points or increasing his guideline range under USSG § 4B1.1. Such arguments are not cognizable as a gateway claim of actual innocence. See United States v. Pettiford, 612

4

F.3d 270, 284 (4th Cir. 2010) (holding that actual innocence does not extend to non-factual challenges to the application of sentencing enhancements but applies "only where the challenge to eligibility [for enhancement] stems from actual innocence of the predicate crimes"). Therefore, Farrow's claim of actual innocence does not overcome the time bar precluding review of his § 2255 motion.

For the reasons stated, the court concludes that Farrow's § 2255 motion must be dismissed as untimely filed. An appropriate order will issue this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This _31st_ day of February, 2014.

_____

Chief United States District Judge